UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALMENIA MONCRIEFFE

VERSUS

STATE FARM INSURANCE

CIVIL ACTION

NUMBER 10-687-BAJ-SCR

**RULING DEFENDANT'S MOTION TO COMPEL INSPECTION AND DEPOSITIONS**

Before the court is the Defendant's Motion to Compel Inspection and Depositions filed by State Farm Fire and Casualty Company. Record document numbers 13. No opposition has been filed.

Defendant filed this motion to compel: (1) the deposition of the plaintiff; (2) an inspection of the property at issue in this matter; and, (3) the deposition of the plaintiff's purported expert, Nader Odeh. Defendant asserted that its attorney contacted the plaintiff's attorney on multiple occasions by email to obtain dates to conduct the inspection and take the depositions but was unsuccessful.[1] In addition to obtaining the requested discovery, the defendant sought an award of costs incurred in bringing this motion.

The emails from the defendant's attorney can be treated as a Rule 34(a)(2), Fed.R.Civ.P., request for entry on land and for inspection. Although there is no indication that the plaintiff

---

[1] Record document number 13-1 and 13-2, exhibits A and B, emails from Shaveka Joshua.

consented to service of discovery requests by email, there is no indication that the plaintiff objected to service of the request by that method. As to the depositions of the plaintiff and Odeh, when the plaintiff's attorney failed to respond to requests for depositions dates, all that Rule 30, Fed.R.Civ.P., required the defendant to do was issue a notice for the depositions and serve Odeh with a subpoena as provided by Rule 45, Fed.R.Civ.P. There is no indication that the defendant noticed the depositions of either the plaintiff or Odeh.

Plaintiff's failure to provide any objection or response to the request for inspection, and to file any opposition to this motion, establishes that the defendant is entitled to an order under Rule 37(a), Fed.R.Civ.P. Plaintiff shall provide access to the property at issue for an inspection on a date selected by the defendant, but no later than August 31, 2011. No objections will be allowed.[2]

As to the depositions, there is no basis for an order under Rule 37. Neither the plaintiff nor Odeh failed to appear for a properly noticed deposition. All the defendant needs to do is serve a notice for the depositions, as required by Rule 30, and serve a subpoena on Odeh, as provided by Rule 45. Defendant's

---

[2] Generally discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

repeated efforts to obtain the depositions voluntarily, although not necessary under Rule 30, are sufficient to find good cause to extend the scheduling order deadline for the defendant to complete its fact and expert discovery. The scheduling order will be amended to allow additional time, until August 31, 2011, for the defendant to complete the inspection of the property and depose the plaintiff and Odeh.

Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs incurred in connection with this motion.

Accordingly, the Defendant's Motion to Compel Inspection and Depositions filed by State Farm Fire and Casualty Company is granted in part. Plaintiff shall provide access to the property at issue for an inspection on a date selected by the defendant, but no later than August 31, 2011. The scheduling order will be amended to extend the deadline for the defendant to complete fact discovery, including the inspection of the property and taking the plaintiff's deposition, to August 31,2011. The deadline for the defendant to complete its expert discovery will also be extended to August 31, 2011, and the deadline for the defendant produce any required expert report will be extended to September 30, 2011. In all other respects, the defendant's motion is denied.

Baton Rouge, Louisiana, July 13, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE